IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**JOANNA CROSS** and **APRIL WHELCHEL,**
*Individually and on behalf of themselves
and all other similarly situated current
and former employees*,

Plaintiffs,

vs.							Case No. _____

**CHIPOTLE SERVICES, LLC**
							FLSA Multi-Plaintiff Action
							**JURY DEMANDED**
Defendant.

**ORIGINAL MULTI-PLAINTIFF ACTION COMPLAINT**

Plaintiffs, Joanna Cross and April Whelchel, bring this action against Defendant, Chipotle Services, LLC ("Defendant"), and allege as follows:

**I. INTRODUCTION**

1. Plaintiff, April Whelchel, was an employee of Defendant as a full-time, hourly paid employee, and Joanna Cross was an employee of Defendant as a full-time, hourly paid employee.

2. Plaintiffs bring this action for unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

3. Defendant operates Chipotle franchised restaurants in Tennessee and several other states.

1

4. This action is intended to include every similarly situated hourly-paid employee who has worked for Defendant at any of its Chipotle franchised restaurants anywhere in the United States at any time within the past three (3) years.

## II. COVERAGE

5. Defendant has been the "employer" of Plaintiffs and those similarly situated within the meaning of 29 U.S.C § 203(d) of the FLSA, during all times material to this action.

6. Defendant has had gross sales of more than $500,000.00 per year during all times material to this action.

7. Defendant has employed two or more employees who handled goods, materials and supplies that travelled in interstate commerce during all times relevant to this Complaint.

## III. JURISDICTION AND VENUE

8. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.*, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Plaintiffs were employed by and performed work for Defendant in this district during all times material to this action, and Defendant has conducted business in this district during all times material.

## IV. PARTIES

10. Defendant, Chipotle Services, LLC is a Colorado Limited Liability Company with headquarters located 610 Newport Center Drive, Suite 1300, Newport Beach, California. Defendant's registered agent for service of process in Tennessee is Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.

11. Plaintiff, Joanna Cross, is an adult citizen of the United States and was employed as an hourly-paid employee by Defendant in this district during all times relevant to this action. Plaintiff Cross' consent to join is attached as *Exhibit A*.

12. Plaintiff, April Whelchel, is an adult citizen of the United States and was employed as an hourly-paid employee by Defendant in this district during all times relevant to this action. Plaintiff Whelchel's consent to join is attached as *Exhibit B*.

## V. <u>FACTUAL ALLEGATIONS</u>

13. Defendant employed Plaintiffs and other similarly situated hourly-paid workers who were not paid for all their compensable overtime as required by the FLSA.

14. Plaintiffs and those similarly situated routinely worked for Defendant at its Chipotle franchised restaurants for more than 40 hours per week within weekly pay periods during all times material to this action without being paid for all their overtime hours during all times material to this action.

15. Defendant had a time-keeping system for the purpose of recording the compensable work time of Plaintiff and those similarly situated.

16. Defendant has had a common practice of either failing to record all of the compensable overtime hours of Plaintiff and those similarly situated into their time keeping system and/or "editing-out" their compensable overtime hours from their time keeping system within weekly pay periods during all times material.

17. As a result, Defendant has failed to pay Plaintiff and those similarly situated all their earned overtime compensation at the applicable FLSA overtime rates of pay during all times material to this action.

18. Defendant knew, and was aware at all relevant times, it was not compensating Plaintiffs and those similarly situated for all their overtime hours at the applicable FLSA overtime compensation rates of pay within correct weekly pay periods.

19. Defendant willfully and, with reckless disregard to established FLSA requirements, failed to pay Plaintiff and those similarly situated the applicable overtime compensation rates of pay owed to them within correct weekly pay periods during all times relevant herein.

20. Defendant does not have a good faith basis for its violations of the FLSA.

21. Defendant failed to maintain and keep accurate pay records of Plaintiff and those similarly situated during all times material, in violation of the FLSA.

22. As a result of Defendant's FLSA violations, as described above, Plaintiff and those similarly situated have suffered lost wages in terms of lost overtime compensation, as well as having suffered other damages.

23. Defendant's scheme of failing to compensate Plaintiff and those similarly situated for all their compensable overtime was to save payroll costs and payroll taxes, all for which it has unjustly enriched itself and enjoyed ill gained profits at the expense of Plaintiff and those similarly situated.

## VI. MULTI-PLAINTIFF ALLEGATIONS

24. Plaintiff brings this action on behalf of themselves and potential plaintiffs as a multi-plaintiff action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b) and seeks to send notices to potential plaintiffs as defined herein.

25. More specifically, Plaintiff brings this action on behalf of herself and the following similarly situated persons:

> All individuals who were employed by Defendant as hourly-paid workers at any of its Chipotle franchised restaurants and who performed work for Defendant anywhere in the United States at any time during the applicable statutory period covered by this multi-plaintiff Complaint, up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who chose to join this action pursuant to 29 U.S.C. § 216(b). (Collectively, "potential plaintiffs").

26. The unpaid wage claims herein may be pursued by potential plaintiffs who join this action under 29 U.S.C. § 216(b).

27. The Plaintiffs' claims are typical of the claims of potential plaintiffs.

28. Plaintiffs and potential plaintiffs are similarly situated in that they were subjected to Defendant's common practice of failing to pay them for all overtime compensation at the applicable FLSA overtime rates of pay during all times material to this action, as previously described.

29. Plaintiffs and potential plaintiffs also are similarly situated in that their unpaid overtime claims are unified through common theories of Defendants' FLSA violations.

30. Plaintiffs will fairly and adequately protect the interests of potential plaintiffs as her interests are aligned with the interests of such potential plaintiffs.

31. Plaintiffs have no interests adverse to the interests of potential plaintiffs.

32. Plaintiffs have retained competent counsel who are experienced in multi-plaintiff action litigation.

33. The multi-plaintiff action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burden of litigation suffered by individual plaintiffs are relatively small in comparison to the expenses, costs, and burden of the litigation of individual actions, making it virtually impossible for plaintiffs to individually seek redress for the wrongs done to them.

34. Plaintiffs and potential plaintiffs have suffered and will continue to suffer irreparable damage from unlawful pay practices administered by Defendant.

## COUNT I – **RECOVERY OF OVERTIME COMPENSATION**

35. Plaintiffs incorporate the preceding paragraphs by reference as if fully written herein.

36. This count arises from Defendant's violations of the FLSA in connection with their failure to pay earned overtime compensation to Plaintiffs, and potential plaintiffs to this action.

37. During their employment with Defendant, Plaintiffs, and potential plaintiffs worked more than 40 hours per week within weekly pay periods but were not paid overtime compensation for such work time as required by the FLSA, and as previously described.

38. The unpaid overtime claims of Plaintiffs, and potential plaintiffs are unified through common theories of Defendant's FLSA violations.

39. Defendant's failure to pay Plaintiffs and potential plaintiffs one and one-half times their regular hour rates of pay for all their overtime hours within correct weekly pay periods

6

Case 3:24-cv-00164     Document 1     Filed 02/09/24     Page 6 of 8 PageID #: 6

during all times material was willful and, with reckless disregard to established FLSA overtime compensation requirements and, without a good faith basis for such failure.

40. As a result of Defendant's willful and unlawful acts in failing to pay Plaintiffs and potential plaintiffs all their earned overtime compensation, Plaintiffs and potential plaintiffs have suffered lost wages and other recoverable damages, plus reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs, individually and on behalf of themselves and potential plaintiffs to this action, requests this court to grant the following relief against said Defendant:

A. Promptly facilitate notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting potential plaintiffs to assert timely FLSA claims to this action by filing consents to join under 29 U.S.C. § 216(b);

B. On Count I, an award of compensation for unpaid overtime to Plaintiffs and potential plaintiffs who join this action;

C. On Count I, an award of liquidated damages to Plaintiffs and potential plaintiffs who join this action;

D. On Count I, an award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and potential plaintiffs who join this action;

E. On Count I, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and potential plaintiffs who join this action;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action;

G. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **trial by jury** on all issues so triable.

Dated: February 9, 2024

Respectfully Submitted,

*s/J. Russ Bryant*
J. Russ Bryant (TN BPR #33830)
Gordon E. Jackson (TN BPR #8323)
J. Joseph Leatherwood IV (TN BPR #39490)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jleatherwood@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***